CITATION - personal service -TRC 99
Cause No. 21-08-0710-CVA



CALLY RUST §  IN THE 81ST-218TH DISTRICT COURTS
   VS. § OF
EMERALD SURF SCIENCES, LLC AND § ATASCOSA COUNTY, TEXAS
RHEOVEST HR, LLC

DELIVERED
9/9/21
BY: km  PSC: 5912
ATX Process, LLC

**THE STATE OF TEXAS**

TO: RHEOVEST HR, LLC BY SERVING ITS REGISTERED AGENT, JOE T. SANDERS II AT SANDERS BAJWA, 919 CONGRESS AVE., SUITE 1305, AUSTIN, TEXAS 78701, Defendant, Greeting-

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."  TRCP. 99

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation, before the Honorable 81ST-218TH DISTRICT COURTS Court of Atascosa County, Texas, at the Courthouse in said County in Jourdanton, Texas. Said PLAINTIFF'S ORIGINAL PETITION was filed in said court on the 18th day of August, 2021 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of PLAINTIFF'S ORIGINAL PETITION accompany this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Jourdanton, Texas this 30th day of August, 2021.

Attorney for Plaintiff or Plaintiff:
MICHAEL ORTH
719 S. SHORELINE
CORPUS CHRISTI, TX 78403

Clerk of the Court:
MARGARET E. LITTLETON, DISTRICT CLERK
1 COURTHOUSE CIRCLE DR. STE. 4-B
JOURDANTON, TX 78026

By: A. Villalobos
ANDREA VILLALOBOS, DEPUTY CLERK

## OFFICER'S RETURN

### CAUSE #21-08-0710-CVA

**CALLY RUST**
  VS.
**EMERALD SURF SCIENCES, LLC AND**
**RHEOVEST HR, LLC**

IN THE 81ST-218TH DISTRICT COURTS
OF
ATASCOSA COUNTY, TEXAS

**NAME AND ADDRESS FOR SERVICE:**
RHEOVEST HR, LLC
C/O JOE T. SANDERS II AT SANDERS BAJWA
919 CONGRESS AVE., SUITE 1305
AUSTIN, TEXAS 78701

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION, at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES:**
Serving Petition and Copy $_____
Total $_____

_____, Officer
_____, County, Texas
By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following:

My name is _____, my date of birth is _____, and my address is _____.
        (First, Middle, Last)

(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

Filed 8/18/2021 7:51 PM
Margaret E. Littleton
District Clerk
Atascosa County, Texas
Reviewed By: Andrea Villalobos

CAUSE NO. 21-08-0710-CVA

| | | |
|---|---|---|
| CALLY RUST<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§<br>§ | 81ST/218TH JUDICIAL DISTRICT |
| EMERALD SURF SCIENCES, LLC<br>And RHEOVEST HR, LLC<br>*Defendants.* | §<br>§<br>§ | ATASCOSA COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

To the Honorable Judge of This Court:

Plaintiff, Cally Rust, files this Original Petition, complaining of and about Defendants Emerald Surf Sciences, LLC and RheoVest HR, LLC, and for causes of action would show this Court the following:

### I. DISCOVERY

1. Plaintiff intends to conduct discovery under Level 3 of the TEX. R. CIV. P.

### II. PARTIES

2. Plaintiff is an individual who resides in Guadalupe County, Texas.

3. Defendant Emerald Surf Sciences, LLC is a Texas limited liability company doing business in Texas and registered with the Texas Secretary of State. Defendant may be served with process by serving its Registered Agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Plaintiff requests citation at this time and will serve Defendant through a private civil process server.

4. Defendant RheoVest HR, LLC is a Texas limited liability company doing business in Texas and registered with the Texas Secretary of State. Defendant may

be served with process by serving its Registered Agent, Joe T. Sanders II, at Sanders Bajwa, located at 919 Congress Ave., Suite 1305, Austin, Texas, 78701. Plaintiff requests citation at this time and will serve Defendant through a private civil process server.

### III. JURISDICTION AND VENUE

5. Jurisdiction is proper because Plaintiff seeks damages in an amount within the jurisdictional limits of this Court.

6. Venue is proper in Atascosa County under TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3) because Defendant Emerald Surf Sciences, LLC's principal place office is located there.

### IV. FACTS

7. On or about March 7, 2019, Plaintiff was hired by Emerald Surf Sciences, LLC and/or RheoVest HR, LLC as a Fluid Technician, and went under the supervision of Jerald Pritchard.

8. During Plaintiff's tenure, Mr. Pritchard and other team leaders made accusations that Plaintiff was sleeping with a co-worker.

9. Additionally, Plaintiff's supervisor and co-workers commented that "this is a man's world and a woman should not be out here," referring to the oil field and her job.

10. Between June 2019 and June 2020, Plaintiff was treated differently than her male co-workers, in that the males would help each other but not Plaintiff when she would ask for help.

11. In or around February or March 2020, Plaintiff's team lead showed her a text message that the team lead had received from one of Plaintiff's co-workers, in which the co-worker referred to Plaintiff as a "b*tch." The team lead laughed at the text message in front of Plaintiff, and did nothing to discipline the co-worker who sent the text message.

## V. CAUSES OF ACTION

**Count One: Wrongful Discharge and Retaliation – Tex. Labor Code 21.051**

12. The acts committed by Defendants' employees, agents, servants and/or employees in discriminating against and discharging Plaintiff constitute violations of Tex. Labor Code 21.051, et seq.

13. Plaintiff further brings her claim pursuant to Section 21.055 of the Texas Labor Code in that after Defendants' management were notified by Plaintiff about the offending actions, neither Defendant investigated or took action to prevent the offensive actions, but instead terminated Plaintiff for complaining of the offensive actions.

**Count Two: Hostile Work Environment and Discrimination
Based on Sex under Texas Law**

14. Plaintiff also brings a claim against Defendants for fostering and allowing a hostile work environment to take place.

15. Plaintiff belonged to a protected group and was subjected to this hostile work environment—and otherwise discriminated against—based on her sex.

16. The discrimination complained of affected a "term, condition, or privilege" of employment.

17. The employer knew or should have known of the discrimination and failed to take remedial action or otherwise implement steps and procedures to stop the discrimination.

### Count Three: Violation of Title VII of the Civil Rights Act of 1964

18. Plaintiff brings claims against Defendants for violating Title VII of the Civil Rights Act of 1964.

19. Specifically, Defendants, by and through their employees, discriminated against Plaintiff because of her sex.

20. The actions of Defendants' employees prevented Plaintiff from being able to work in a non-hostile environment.

### Count Four: Negligent Hiring, Training, Retention and Supervision

21. Defendants owed Plaintiffs and others a duty to exercise ordinary care in hiring, training, supervising and retaining only those employees who it knew were competent and/or not reckless.

22. Defendants breached that duty when they hired and retained those employees who sexually harassed Plaintiff.

23. Defendants breached that duty also when they failed to exercise ordinary care in training and supervising their employees.

24. Defendants' breaches proximately caused Plaintiff's damages.

## VI. DAMAGES

25. As a direct and proximate cause of the acts and omissions of Defendants' employees, agents, and servants, Plaintiff suffered the following damages:

    a.    Mental anguish in the past and future;

    b.    Lost wages, past and future;

    c.    Pecuniary losses and out-of-pocket expenses, in the past and future;

    d.    Punitive damages; and

    e.    Reasonable and necessary attorneys' fees;

    f.    Taxable court costs; and

    g.    Pre and post judgment interest.

26. Pursuant to TEX. R. CIV. P. 47, Plaintiff seeks monetary relief not to exceed $100,000.00.

27. Defendants' conduct amounts to a willful act and omission, and was malicious, meaning an act or omission, which when viewed objectively from the standpoint of Defendants' employees at the time of the occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which Defendant's employees had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others.

## PRAYER

*Wherefore, premises considered*, Plaintiff prays Defendants be cited to appear, and upon presentation of the evidence, that judgment be entered for Plaintiff against Defendants for Plaintiff's damages, court costs, pre- and post-judgment interest, attorneys' fees, and all other relief, at law and in equity, to which he is justly entitled.

Respectfully submitted,
**HILLIARD MARTINEZ GONZALES LLP**

By: /s/ *Michael L. Orth*
Robert C. Hilliard
Texas State Bar No. 09677700
John B. Martinez
Texas State Bar No. 24010212
Michael L. Orth
Texas State Bar No. 24079089
morth@hmglawfirm.com
pmota@hmglawfirm.com
Michael B. Mathis
Texas State Bar No. 24083460
Aissa L. Barrera
Texas State Bar No. 24117454
Alexis A. Medina
Texas State Bar No. 24115154

719 S. Shoreline Boulevard
Corpus Christi, Texas 78401
Telephone No.: 361.882.1612
Facsimile No.: 361.882.3015

hmgservice@hmglawfirm.com
*\*service by e-mail to this address only*